IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
J N
OCT 2 2 2007
10-22-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JOSEPH WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, CHICAGO POLICE OFFICERS; J. GUZIEC, Star # 19736, G. POLANEK, Star # 11844, LOYOLA UNIVERSITY, LOYOLA UNIVERSITY POLICE OFFICERS; B. AMEMITSCH, J. HOEHN and UNKNOWN CHICAGO POLICE OFFICERS, <br><br> Defendants. | No. <br><br> 07cv5951 <br> JUDGE DARRAH <br> MAG. JUDGE BROWN <br><br><br><br> **JURY DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, Joseph Williams, through his attorneys, A Law Office of Christopher R. Smith, and complaining of the defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS J. GUZIEC, Star #19736, G. POLANEK, Star #11844, LOYOLA UNIVERSITY, LOYOLA UNIVERSITY POLICE OFFICERS; B. AMEMITSCH, J. HOEHN, and UNKNOWN CHICAGO POLICE OFFICERS.

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,

42 U.S.C., Section 1983, and Section 1985; the judicial code 28 U.S.C., Section 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., Section 1367(a).

## PARTIES

3. Plaintiff is a permanent resident of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. Defendants, Chicago Police Officers J. Guziec, Star # 19736, G. Polanek, Star # 11844, and Unknown Chicago Police Officers were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago ("City"), a municipal corporation duly incorporated under the laws of the State of Illinois, is the employer and principal of Chicago police officer defendants.

6. Defendants, Loyola University police officers, B Amemitsch and J. Hoehn were at the time of this occurrence, duly licensed police officer. The engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

7. Defendant Loyola University ("University"), a private corporation duly incorporated under the laws of the State of Illinois, is the employer and principal of University of Loyola Police Officers.

## FACTS

8. Mr. Williams, an African-American man, lawfully entered his friend's car,

which he had exited several minutes earlier, to retrieve his cell phone.

9. Loyola University Police Officers accused Mr. Williams of illegally entering the vehicle.

10. Loyola University Police Officers illegally detained Mr. Williams.

11. Shortly thereafter, Defendant Chicago Police Officers arrived on the scene.

12. Defendant officers filled out false reports, and arrested Mr. Williams for burglary to auto.

13. Defendants never confirmed whether or not Mr. Williams had permission to enter the vehicle.

14. Defendants then transported Mr. Williams by squadrol to the police station, where he was placed inside a holding cell.

15. During the morning Mr. Williams began to feel increasingly ill, suffering from repeated vomiting and diarrhea. Mr. Williams eventually told the attending police officers that he needed to see a doctor. A Defendant police officer began to ridicule Mr. Williams, telling him that he wouldn't be allowed to see a doctor.

16. Mr. Williams asked to make his one phone-call.

17. Mr. Williams called the Office of Professional Standards, OPS, to explain that he was violently ill, and that unknown Chicago police offices were denying him medical treatment.

18. When an unknown Chicago police sergeant, a defendant, became aware that Mr. Williams was on the phone with OPS, he snatched the phone out of Mr. Williams' hand.

19. The Unknown Sergeant smashed Mr. Williams' head against the wall.

20. "Now you're going to need some medical attention," the unknown Chicago Police Sergeant said.

21. When Mr. Williams saw the unknown defendant police officer who had belittled him earlier, he turned around.

22. The unknown defendant sergeant then kicked Mr. Williams in the back.

23. When Mr. Williams fell to the ground, the unknown defendant sergeant and the unknown defendant officer, continued to kick Mr. Williams in the back.

24. Defendants put Mr. Williams back in lock-up.

25. Eventually Mr. Williams was taken to the hospital where he was treated for his illness.

26. After returning to the lock-up, Mr. Williams, drowsy from medication, fell asleep. When Mr. Williams woke up, he could not move, because of excruciating back pain.

27. Unknown Chicago Police Officers transported Mr. Williams to 26th and California for his probable cause hearing.

28. At the receiving entrance, the supervising officers would not accept Mr. Williams without medical authorization, because of his deteriorating physical condition.

29. Instead of taking Mr. Williams to the hospital, Unknown Chicago Police Officers decided to take Mr. Williams back to the lock-up, wait until the next shift at 26th and California, and then try again.

30. Later in the afternoon, Unknown Chicago Police Officers took Mr. Williams back to receiving at 26th and California, where receiving officers again was refused to admit him.

31. Unknown Chicago Police Officers once again transported Mr. Williams back to the lock-up facility.

32. During the nightshift, Mr. Williams was taken to the hospital.

33. A cat-scan revealed that Mr. Williams had multiple fractures in several of his vertebrae.

34. The next morning Mr. Williams was successfully admitted into 26th and California.

35. Mr. Williams spent the next 265 days incarcerated.

36. Defendants, Chicago Police Officers J. Guziec, Star # 19736, G. Polanek, Star # 11844, and Unknown Chicago Police Officer conspired to arrest and falsely charge Mr. Williams with crimes they knew he did not commit. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiff's arrest.

37. Unknown Chicago Police Officers conspired and agreed amongst themselves to brutally beat Mr. Williams and to hide evidence of the beating of plaintiff.

38. On May 29, 2007, in the Circuit Court of Cook County, First District, the charge against plaintiff was nolle prossed, indicative of the innocence of Joseph Williams.

39. As a direct and proximate result of the malicious actions of the defendants and Unknown Chicago Police Officers, Mr. Williams was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, and extreme emotional distress.

40. As a proximate result of the beatings and physical and psychological

torture inflicted by defendant officers, plaintiff suffered severe physical injuries, acute pain and suffering, and emotional distress.

### Count I

### Against Chicago Police Officers, 42 U.S.C. Section 1983 — Excessive Force

1-39.   Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40.   The actions of Defendants and Unknown Chicago Police Officers, as detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

41.   As a proximate result of the above-detailed actions of Defendants, plaintiff was injured, including his severe physical injuries, pain, mental suffering, anguish and humiliation, and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of $1,000,000.00, and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of $1,000,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II

### Against Officers for Section 1983 Fourth Amendment Violations — Illegal Search and Seizures

1-39.   Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40.   The searches and seizures of the plaintiff's person and property as detailed above, performed willfully and wantonly by the defendants, individually and in

conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and U.S.C. Sec. 1983.

41. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of $1,000,000.00, and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of $1,000,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count V

### 42 U.S.C. Section 1983—Failure to Intervene

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. As a result of their failure to intervene, defendants and unknown Chicago Police Officers, sanctioned, encouraged, and participated in the violations of plaintiff's rights. Defendants had ample opportunity to intervene, and could have prevented the harm to plaintiff and many others. Instead, defendants chose to pursue a course of deliberate indifference towards and directly supported the violations perpetrated by the Chicago Police Department. In this way, defendants helped to enforce the status quo of

law enforcement apartheid that exists in many Chicago neighborhoods.

41. As described in the preceding paragraphs, the conduct of the non-intervening defendants, acting under color of law and within the scope of their employment, violated federal statutes and the United States Constitution.

42. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful inference to Plaintiffs' constitutional rights.

43. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of $1,000,000.00, and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of $1,000,000.00, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## COUNT III
### Against Loyola University Police Officer Defendants and Loyola University, for Section 1985 Conspiracy to Deny Equal Protection

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. As detailed above, Loyola University Police officers, B. Amemitsch conspired and agreed among themselves to deprive, and did in fact deprive Mr. Williams of equal protection of the laws because of his race, as guaranteed by the Constitution of the United States.

41. In so doing, the officers were motivated by discriminatory-based racial animus.

42. As detailed above, the officers committed overt acts in furtherance of the conspiracy; including filing false reports and by violating plaintiff's constitutional rights on the basis of race.

43. As a proximate result thereof, plaintiff was damaged, including the deprivation of his liberty, pain and suffering, mental and emotional anguish and humiliation, and damage to his reputation and occupation.

WHEREFORE, plaintiff Joseph Williams demands judgment against the University of Loyola police officer defendants, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00 and further demands judgment against the University of Loyola police officer defendants, jointly and severally, for punitive damages in an amount in excess of $1,000,000.00, plus attorney's fees pursuant to statute and the costs of this action and such other and further relief as this Court deems just, proper, and equitable.

## Count IV

### 745 ILCS 10/9-102

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. Defendant City of Chicago is the employer of Defendants, Chicago Police Officers J. Guziec, Star # 19736, G. Polanek, Star # 11844, and Unknown Chicago Police Officers.

41. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants, Chicago Police Officers J. Guziec, Star # 19736, G. Polanek, Star # 11844, or Unknown Chicago Police Officers be found liable on

one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

### Count V

### Respondeat Superior

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. Defendant University of Loyola is the employer of Defendants, University of Loyola police officers, B Amemitsch and J. Hoehn.

41. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the University of Loyola.

WHEREFORE, should Defendants, University of Loyola police officers, B Amemitsch and J. Hoehn be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to Respondeat Superior, the University of Loyola be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

### Count IV

### Battery — State Claim Against City and Chicago Police Officers

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. By the actions detailed above, and by participating in the above-described conspiracy, Unknown Chicago Police Officers intentionally made offensive bodily contact against Joseph Williams and inflicted bodily harm to Joseph Williams.

41. By the actions detailed above, and by participating in the above-described

conspiracy, Unknown Chicago Police Officers preformed the acts detailed above with the intent of inflicting physical harm to Joseph Williams. Joseph Williams was physically harmed.

42. As a direct and proximate result of the battery, Joseph Williams was injured, including blunt trauma to his body, including fractured vertebrae.

43. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against the defendants and Unknown Chicago Police Officers, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00, and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of $1,000,000.00, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count V

### False Arrest — State Claim Against City and Officers

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Joseph Williams on false charges for which they knew there was no probable cause.

41. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty

and in the employ of defendant City, and while acting within the scope of their employment.

42. As a direct and proximate result of the false arrest, Joseph Williams was damaged, including the value of lost liberty, attorneys fees, exposure to public scandal and disgrace, damage to their reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff Joseph Williams demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00, and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of $1,000,000.00, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VI

### Malicious Prosecution — State Claim Against City and Officers

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants and Unknown Chicago Police Officers knowingly sought to and did in fact maliciously prosecute Joseph Williams on false charges for which they knew there was no probable cause.

41. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

42. As a direct and proximate result of the malicious prosecution, Joseph Williams was damaged, including the value of his lost liberty, attorneys fees, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, and anguish.

WHEREFORE, plaintiff Joseph Williams demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00, and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of $1,000,000.00, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VII

### Intentional Infliction of Emotional Distress Against City and Officers

1-39. Plaintiff realleges paragraphs 1 through 39 above, as if fully set forth here.

40. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

41. Defendants and Unknown Chicago Police Officers performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

42. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

43. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers and Unknown Chicago Police Officers performed the

actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff James Williams demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00, and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of $1,000,000.00, and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

JOSEPH WILLIAMS

By: _____
One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400